IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| DANIEL KHESIN,<br><br>    Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 2:20-cv-1580 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Daniel Khesin, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Daniel Khesin, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Palm Beach County, Florida.

5. Defendant Aetna Life Insurance Company (hereinafter "Aetna"), is an insurance company authorized to transact the business of insurance in this state, and may be served at its principal place of business: 151 Farmington Avenue, RT21, Hartford, CT 06156.

6. Defendant Aetna is the party obligated to award benefits and to determine eligibility for benefits under Policy No. GP-866287, issued by Aetna to ADP TotalSource, Inc (the "Policy").

7. Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is an insurance company authorized to transact the business of insurance in this state, and may be served at its principal place of business: One Hartford Plaza, Hartford, CT 06155.

8. Upon information and belief Hartford acquired Aetna and Hartford is now making decisions on whether benefits are owed under Aetna's policies and Hartford is paying benefits owed under Aetna's policies, including the Plaintiff's.

## FACTS

9. Plaintiff was employed by ADP TotalSource, Inc., in its Pompano, Florida location.

10. By virtue of his employment, Plaintiff was enrolled in the ADP TotalSource, Inc. Plan, which is an ERISA employee welfare benefit plan (the "Plan").

11. Benefits under the Plan are insured by Aetna under Group Long Term Disability Policy No. GP-866287, issued by Aetna to ADP TotalSource, Inc.

12. Plaintiff is a participant or beneficiary of the Plan.

13. Plaintiff stopped working around July of 2017 due to his disabling condition, Devic's disease, and the many associated symptoms.

14. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed an application for LTD benefits under the Plan.

16. Aetna denied Plaintiff's application for LTD benefits based on its file reviewing physician's opinion that Plaintiff could perform his own occupation.

17. Plaintiff appeal the denial on October 4, 2018, and included with his appeal medical records, a vocational evaluation, a medical assessment form from his treating physician, and a sworn statement from his treating physician.

18. Aetna approved Plaintiff's claim for LTD benefits and paid benefits from October 11, 2017 until December 20, 2019.

19. By letter dated December 20, 2019, Hartford terminated Plaintiff's LTD claim based on a file reviewing physician's opinion that Plaintiff can perform sedentary occupations.

20. Plaintiff appealed the termination of his benefits by letter dated June 17, 2020, supporting the appeal by providing updated medical records, opinion forms from his treating doctors, an independent medical examination that states that Plaintiff has restrictions and limitations which keeps him from performing a full time sedentary occupation, and a copy of his fully favorable decision from Social Security which states that he has been determined disabled by Social Security.

21. In a letter dated July 24, 2020, Hartford sent Plaintiff a copy of its file reviewing physician's report and requested a response to the report.

22. By letter dated August 26, 2020, Plaintiff responded to Hartford's file reviewing physician's report by attaching a vocational review which states that given the restrictions and limitations provided by Hartford's file reviewing physician, there are no jobs that meet the policy's wage requirement that Plaintiff can perform.

23. Hartford had 45 days from its receipt of Plaintiff's appeal letter to render its decision, not including the time that the claim was tolled for Plaintiff to submit additional evidence. The 45 day deadline was on September 3, 2020, pursuant to the ERISA Regulations, 29 C.F.R. § 2560.503-1(f)(3)

24. In a letter dated September 3, 2020, but not sent to Plaintiff until September 10, 2020, Hartford requested a 45 day extension to make a decision.

25. Because Hartford did not request its 45 day extension in time, but rather back dated its letter to look like it did timely request the 45 day decision, it failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim, as required by the ERISA claims regulations.

26. Nevertheless, Plaintiff did not file suit at this juncture.

27. In Hartford's letter that it dated September 3, it stated that it would make a decision within 45, or by October 19, 2020.

28. By letter dated October 13, 2020, Plaintiff reminded Hartford of October 19, 2020 deadline it had claimed, and notified Hartford that if it did not make a decision by that date, he would be forced to file suit based on deemed exhaustion of his claim.

29. To date, Hartford has not issued a decision on Plaintiff's application and has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

30. Hartford has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

31. Pursuant to 29 C.F.R. § 2560.503-1(l), due to Hartford's failure to act in a timely fashion, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue all available remedies under ERISA § 502(a) in this Court.

32. Due to Hartford's failure to establish and follow reasonable claims procedures and because Hartford never provided a decision on the merits of Plaintiff's claim, Plaintiff is entitled to *de novo* review of his entitlement to benefits.

33. Plaintiff has not received any disability benefits since his LTD benefits ended, despite remaining disabled.

34. Plaintiff has exhausted his administrative remedies under the Plan.

35. Hartford would pay any benefits due out of its own funds.

36. Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

37. Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

38. Hartford allowed its concern over its own funds to influence its decision-making.

39. Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

40. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

41. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

42. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

43. The decisions to deny benefits were wrong under the terms of the Plan.

44. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

45. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

46. The decisions to deny benefits were not supported by substantial evidence in the record.

47. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

48. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 20th day of October, 2020.


        Respectfully submitted,

        ERIC BUCHANAN & ASSOCIATES, PLLC
        ATTORNEYS FOR PLAINTIFF


BY: */s Hudson T. Ellis*
     Hudson T. Ellis (Bar No. CT16708)
     414 McCallie Avenue
     Chattanooga, TN 37402
     (423) 634-2506
     FAX: (423) 634-2505
     ellish@buchanandisability.com